## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                    No. CR 12-2686 JB

YUREN ARANDA-DAIZ,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Yuren Aranda-Diaz's Motion in Limine to Preclude Government from Introducing His Alleged Statements and Memorandum of Law in Support, filed July 18, 2013 (Doc. 86)("Motion in Limine").   The primary issue is whether the Court should exclude statements that Defendant Yuren Aranda-Diaz made to United States Department of Homeland Security Investigations ("HSI") officers, because the statements are irrelevant, and because the danger of unfair prejudice that the statements present to Aranda-Diaz substantially outweighs any probative value that their admission into evidence may have.   The Court will grant the Motion in Limine.   Although Aranda-Diaz' statements that relate to his knowledge of his prior felony convictions for illegally possessing a firearm, the length of imprisonment he believed he would face, and his intentions to reenter the United States of America if again removed are relevant, their unfair prejudicial effect substantially outweighs their probative value.   Moreover, the United States Court of Appeals for the Tenth Circuit has made clear that any information about a defendant's possible sentence presents a danger of unfair prejudice and that the Court should exclude any such information unless the jury plays a role in the defendant's sentence.   The Court will thus exclude these statements under rule 403 of the Federal Rules of

Evidence. Although Aranda-Diaz' statements that suggest he is a gang member are relevant to the drug trafficking charges against him, these statements' unfair prejudicial effect substantially outweighs their probative value with respect to the allegation that he distributed heroin on October 2, 2012. The Court will, therefore, exclude these statements related to his gang membership under rule 403. The Court will also exclude, under rules 401, 402, and 403, his statements to officers about his family's opinions and statements about him, and about his wife's income source, because the statements are irrelevant, and because the evidence's unfairly prejudicial effect substantially outweighs any probative value. If Plaintiff United States of America wishes the Court to admit this testimony, it must identify the purpose for which it will offer those statements and explain their relevance.

## **FACTUAL BACKGROUND**

The Court has previously explained the facts and circumstances surrounding the United States' arrest of Aranda-Diaz in this case. See United States v. Aranda-Diaz, No. CR 12-2686 JB, Memorandum Opinion and Order at 2-3, filed July 11, 2013 (Doc. 56). The Court incorporates those facts here, but will add the facts that the Motion in Limine supplies, and which are important to this Memorandum Opinion and Order.

After Aranda-Diaz' October 2, 2012, arrest, Albuquerque, New Mexico Police Department ("APD") officers transferred custody of him to the custody of the Homeland Security Investigations directorate of United States Immigrations and Customs Enforcement. While Aranda-Diaz was in HSI's custody, Aranda-Diaz allegedly made a series of statements to the HSI officers:

(1) Mr. Aranda-Diaz's knowledge of his prior convictions for illegally possessing a firearm; (2) the length of imprisonment Mr. Aranda-Diaz believed he would be

facing for the above-referenced charges; (3) Mr. Aranda-Diaz's membership in a gang; (4) Mr. Aranda-Diaz's desires to go to federal prison in order to be around other gang members; (5) Mr. Aranda-Diaz's intentions to come back to the United States if deported; and (6) Mr. Aranda-Diaz's family's feelings towards him and [the] source of his wife's income.

Motion in Limine at 2.

## PROCEDURAL BACKGROUND

On October 23, 2012, a federal grand jury charged Aranda-Diaz with six federal crimes, including: (i) Count 1: a violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), alien in possession of a firearm and ammunition; (ii) Count 2: a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition; (iii) Count 3: a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute heroin; (iv) Count 4: a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of heroin; (v) Count 5: a violation of 18 U.S.C. § 924(c), possession and carrying a firearm during and in relation to a drug trafficking crime; and (vi) Count 6: a violation of 8 U.S.C. §§ 1326(a) and (b), reentry of a removed alien. See Indictment, filed October 23, 2013 (Doc. 13).

On July 18, 2013, Aranda-Diaz filed his Motion in Limine, arguing that, "[i]f the HSI agents testify at Mr. Aranda-Diaz's trial, the Government should be precluded from introducing Mr. Aranda-Diaz's alleged statements . . . ." Motion in Limine at 2. Aranda-Diaz argues that the Court should exclude these statements for two reasons. First, Aranda-Diaz asserts that the Court should exclude the statements under rules 401 and 402, "[b]ecause the above statements make it no more or less probable that Mr. Aranda-Diaz committed the charged offense[s]." Motion in Limine at 3 (citing United States v. Waldrip, 981 F.2d 799, 806 (5th Cir. 1993)). Second, he argues that the Court should exclude his statements under rule 403; in his view, admitting "the

purported statements allegedly made by Mr. Aranda-Diaz would be unfairly prejudicial because it would 'tend[] to affect adversely the jury's attitude toward [Mr. Aranda-Diaz] wholly apart from its judgment as to his guilt or innocence of the crime charged.'"   Motion in Limine at 4 (alterations in Motion in Limine, but not in Tenth Circuit's opinion)(quoting United States v. Tan, 254 F.3d 1204, 1212 (10th Cir. 2001)).   Aranda-Diaz asserts: "For example, admitting statements about Mr. Aranda-Diaz's purported membership in a gang, or his purported intentions upon returning to the U.S. after deportation, would adversely affect the jury's attitude toward Mr. Aranda-Diaz, leading the jury to dislike Mr. Aranda-Diaz independent of the merits of the case against him."   Motion in Limine at 4.   He also asserts that "there is substantial likelihood that admission of these purported statements would confuse the issues, mislead the jury, and lead to undue delay."   Motion in Limine at 4-5 (citing United States v. McVeigh, 153 F.3d 1166, 1191 (10th Cir. 1998); United States v. James, 609 F.2d 36, 46 n.11 (2d Cir. 1979)).

In the United States' Response to Defendant's Motion in Limine to Preclude the Government from Introducing his Statements [Doc. 86], filed July 22, 2013 (Doc. 90)("MIL Response"), the United States provides a one-paragraph response in opposition to the motion:

> Defendant is attempting to exclude admissible statements that are admissions by a party opponent that go to the charged offenses.   His statements show a consciousness of guilt regarding all of the counts against him and also serve to prove up an element that the Defendant has chosen not to stipulate to -- his status as a previously convicted felon.

MIL Response at 1.

On July 24, 2013, Aranda-Diaz pled guilty to charges 1, 2, and 6 of the Indictment.   See Corrected Plea Minute Sheet, filed July 24, 2013 (Doc. 115).   Specifically, he pled guilty to being an alien in possession of a firearm, felon in possession of a firearm, and illegal reentry of a

removed alien.   See Indictment at 1-4.

## LAW REGARDING RELEVANCY OF EVIDENCE

"The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence."   Train v. City of Albuquerque, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009)(Browning, J.)(citing Fed. R. Evid. 401, 402, 403).   "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   United States v. Gutierrez-Castro, No. CR 10-2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011)(Browning, J.)(citing Fed. R. Evid. 401 ("Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action.")).   "Rule 401 contains a low threshold for relevance, because '[a]ny more stringent requirement is unworkable and unrealistic.'"   Coffey v. United States, No. CIV 08-0588 JB/LFJ, 2012 WL 1698289, at *4 (D.N.M. May 8, 2012)(Browning, J.)(quoting Fed. R. Evid. 401 advisory committee's note).   Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible.   See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

## LAW REGARDING RULE 403

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.   Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.   See United States v. Record,

873 F.2d 1363, 1375 (10th Cir. 1989).   "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]."   United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991))(internal quotation marks omitted).   "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."   Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000).   The "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."   United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980).   As the Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . .   This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(citation omitted).

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.   See United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999).   "Evidence

is not unfairly prejudicial simply because it is damaging to an opponent's case."   United States v. Caraway, 534 F.3d 1290, 1301 (10th Cir. 2008)(quoting United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003)).   Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"   United States v. Caraway, 534 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note)(emphasis in original).

## ANALYSIS

The Court will exclude Aranda-Diaz' statements.   His statements that make more probable his status as a felon or as a previously removed illegal alien are relevant, because they are probative whether he possessed a firearm in relation to a drug crime.   His statements that implicate his membership in a gang are relevant as well, because a material issue in this case is whether Aranda-Diaz distributed, or intended to distribute, heroin, and that he is a gang member tends to make more probable that he distributed drugs.   See Fed. R. Evid. 401.   The Court concludes, however, that, because the jury might use gang membership to conclude Aranda-Diaz intended to distribute drugs because of his gang association -- rather than consider the United States' evidence against him -- the danger of unfair prejudice that this evidence presents to him substantially outweighs its probative value.   The Court will, therefore, exclude Aranda-Diaz' statements related to his gang membership.   Finally, the Court will also exclude, under rules 401, 402, and 403, his statements to officers about his family's opinions and statements about him, and about his wife's income source, because the statements are irrelevant, and because the evidence's unfairly prejudicial effect substantially outweighs any probative value.   The Court will, therefore, grant the Motion in Limine.

**I.      THE COURT WILL EXCLUDE ARANDA-DIAZ' FIRST, SECOND, AND FIFTH STATEMENTS, BECAUSE, ALTHOUGH THE STATEMENTS ARE RELEVANT, THE DANGER OF UNFAIR PREJUDICE THAT THESE STATEMENTS PRESENT SUBSTANTIALLY OUTWEIGHS THEIR <u>PROBATIVE VALUE</u>.**

Aranda-Diaz argues that the first, second, and fifth statements that he made to the HSI officers are not relevant to the essential elements of any of the charges that he faces, and that the Court should therefore exclude these statements.   He further argues that, even if these statements are relevant, the danger of unfair prejudice that these statements present substantially outweighs their probative value.   The United States responds that these statements are probative of his consciousness of guilt.   In light of Aranda-Diaz' plea to the charges that have as an element that he is an alien or a felon, the Court concludes that these statements, which indicate that he is a felon and is an alien illegally in the United States, are relevant, but not highly probative.   Further, since his statuses as a felon and an alien illegally in the United States are no longer elements of any charge against Aranda-Diaz, allowing the jury to know Aranda-Diaz is a felon and is an alien illegally in the country presents a substantial danger of prejudice to him, and that danger of unfair prejudice substantially outweighs the evidence's probative value.   The Court thus concludes that, under rule 403, it will exclude these three statements from the trial.

**A.      THESE THREE STATEMENTS, WHICH ARE RELATED TO ARANDA-DIAZ' STATUS AS A FELON AND HIS STATUS AS AN ALIEN ILLEGALLY IN THE COUNTRY, ARE RELEVANT.**

Rule 401 provides: "Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action."   Fed. R. Evid. 401.   Aranda-Diaz has pled guilty to the first, second, and sixth charges in the Indictment -- that he was an illegal alien in possession of a firearm, that he was

a felon in possession of a firearm, and that he is an alien who reentered the country, without permission from appropriate legal authorities, after having been removed previously. Accordingly, Aranda-Diaz' status as a felon or as a previously removed illegal alien is no longer an essential element of the remaining crimes alleged or a central issue on any of the remaining charges.

These facts are not entirely irrelevant, however.  In United States v. Basham, 268 F.3d 1199 (10th Cir. 2001), the Tenth Circuit held that whether a drug trafficker possessed a gun "in furtherance of drug trafficking"

> would necessarily be subject to proof by circumstantial evidence, and factors such as the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found would be relevant and helpful to a jury in determining the intent with which the weapon was possessed.

268 F.3d at 1208.   Moreover, the Tenth Circuit's Pattern Jury Instructions incorporate substantially the same factors into the following nonexclusive list of eight factors that "may help in determining whether possession of a firearm furthers, advances, or helps advance a" drug trafficking crime:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8.  proximity to drugs or drug profits.

Tenth Circuit Pattern Jury Instructions § 2.45.1, at 156 (2011).

Aranda-Diaz' status as a felon and as a previously removed alien illegally in the United States is thus relevant to Count 5 of the Indictment, because it makes his possession of the firearm illegal.   See 18 U.S.C. §§ 922(g)(5)(A), 922(g)(1), and 924(a)(2).   Both his status as a felon and his status as an alien unlawfully in the United States, because they affect the legal status of the possession of the firearm and the circumstances under which the firearm is found, are thus factors that the jury may consider in determining whether, as Count 5 of the Indictment charges, Aranda-Diaz possessed the firearm "during and in relation to, and possessed said firearm in furtherance of a drug trafficking crime."   Indictment at 3.   Because Aranda-Diaz' first two statements -- "(1) Mr. Aranda-Diaz's knowledge of his prior convictions for illegally possessing a firearm; [and] (2) the length of imprisonment Mr. Aranda-Diaz believed he would be facing for the above-referenced charges,"[1] Motion in Limine at 2 -- demonstrate knowledge that he developed because he is a felon, they tend to make more probable that he is a felon and are thus relevant.   See Fed. R. Evid. 401.   Similarly, because Aranda-Diaz' fifth statement -- "Aranda-Diaz's intentions to come back to the United States if deported," Motion in Limine at 2 -- makes more probable that he is an alien illegally in the country, it is relevant to the firearm charge in Count 5.   His illegal possession makes it more probable that he is carrying or using the firearm in a drug trafficking activity, or in facilitation of drug trafficking activity.

---

[1] Although the Motion in Limine is not clear, it appears that the phrase "the above-referenced charges" refers to all charges against Aranda Diaz.

**B.     THE DANGER OF UNFAIR PREJUDICE THAT THESE STATEMENTS PRESENT TO ARANDA-DIAZ SUBSTANTIALLY OUTWEIGHS THEIR PROBATIVE VALUE.**

Aranda-Diaz argues that the danger of unfair prejudice that these statements present substantially outweighs any of these statements' probative value.  He notes: "For example, admitting statements about . . . his purported intentions upon returning to the U.S. after deportation[] would adversely affect the jury's attitude toward Mr. Aranda-Diaz, leading the jury to dislike Mr. Aranda-Diaz independent of the merits of the case against him."   Motion in Limine at 4.   The Court concludes that, even giving these statements their maximum reasonable probative value, which -- given that Aranda-Diaz' statuses as a felon or as an alien illegally in the country are no longer essential elements in any of the three remaining counts at trial -- is not great, the danger of unfair prejudice that these statements present to Aranda-Diaz substantially outweighs their probative value.

These three statements -- "(1) Mr. Aranda-Diaz's knowledge of his prior convictions for illegally possessing a firearm; (2) the length of imprisonment Mr. Aranda-Diaz believed he would be facing for the above-referenced charges," and "(5) Mr. Aranda-Diaz's intentions to come back to the United States if deported," Motion in Limine at 2 -- if admitted at trial, would indicate to the jury that Aranda-Diaz is a felon and that he is an alien illegally in the country.   These statements relate to some of the factors that the Tenth Circuit Pattern Jury Instructions list: for example, his knowledge of his prior convictions for illegally possessing a firearm would be relevant to the illegal status of the possession.   Moreover, they are relevant to Aranda-Diaz' consciousness of his guilt.   Giving this evidence its maximum reasonable probative value, and concluding that these statements have some probative value, that value is limited.   See Deters v. Equifax Credit Info.

Servs., Inc., 202 F.3d at 1274 ("In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

The danger of unfair prejudice to Aranda-Diaz, however, which inheres in letting the jury hear his statements that he is a convicted felon and an alien illegally in the country who intends to return to the country, even given their minimum reasonable prejudicial value, is substantial.   The Supreme Court has held that, when evidence of a previous felony conviction is relevant solely on the basis of the defendant's status as a felon, the general rule is that rule 403 excludes evidence about the felony other than the fact of conviction:

> In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.   What we have said shows why this will be the general rule . . . .

Old Chief v. United States, 519 U.S. 172, 191-92 (1997).   Although the narrow rule of Old Chief v. United States does not squarely apply to this case, the policy reasoning that undergirds it applies to Aranda-Diaz' statuses as a convicted felon and as an alien illegally in the country: those facts could support conviction on an improper ground -- for example, that, because Aranda-Diaz is a felon and an alien illegally in the country who intends to return if deported, he is a bad person, and the jury should punish him for being a bad person and not for conduct related to the drug trafficking charges against him.   Balancing the probative value of these statements as to the remaining charges against him with the substantial danger of unfair prejudice that they present, the Court therefore concludes that rule 403 counsels that the Court exclude these statements.

The Court will also exclude Aranda-Diaz' statement about the length of imprisonment he

- 12 -

would face if convicted of these charges.   It is true, as the United States argues, that this statement is relevant, because it "shows a consciousness of guilt regarding all of the counts against him." Response at 1.   The Court has recognized, however, that the Tenth Circuit's guidance to district courts has been clear that, "'when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed.'"   United States v. Courtney, 960 F. Supp. 2d 1152, 1174 (D.N.M. 2013)(Browning, J.)(quoting Shannon v. United States, 512 U.S. 573, 579 (1994)).   Indeed, the Tenth Circuit has warned that "'[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.   Breach of this standard has often been grounds for reversal.'" United States v. Courtney, 2013 WL 2250713, at *27 (quoting United States v. Greer, 620 F.2d 1383, 1384 (10th Cir. 1980)).   The animating concern behind this line of cases is that allowing references to sentencing during the guilt-innocence phase of the case will ring a bell that the Court cannot unring: once the jury knows about the length of a sentence that the Court might impose for a given offense, that information might alter the jury's determination of guilt.   See, e.g., United States v. Greer, 620 F.3d at 1384 ("Information about sentencing or other consequences of a verdict is prejudicial because, if the jury is convinced that a defendant will receive a light sentence, it may be tempted to convict on weaker evidence.").

The Court has elsewhere expressed its conviction that "[t]o keep the jury ignorant of sentencing ramifications is not consistent with the concept of a jury trial at the Founders' time." United States v. Courtney, 960 F. Supp. 2d at 1188.   Thus, the Court, on a clean slate would let this information into the case, because it is probative of Aranda-Diaz' state of mind and not unduly prejudicial.   Even still, the Court explained, "the district court is obligated to follow controlling

Supreme Court and Tenth Circuit precedent," 960 F. Supp. 2d at 1188, which is "very clear about what a trial court should do: the trial court is not to present any information about possible sentencing unless the jury's participation in sentencing is required," 960 F. Supp. 2d at 1189. Hence, the Court's following discussion is the Court's attempt to be faithful to Tenth Circuit and Supreme Court precedent, and not what the Court believes is the right evidentiary ruling.

Applying the Tenth Circuit's cases, the Court concludes that, although the evidence is relevant, because it demonstrates consciousness of guilt, allowing the jury to hear about any sentence that Aranda-Diaz faces injects a substantial danger of unfair prejudice and confusion of the issues into the case.   It is true that the jury could make this permissible inference:

> Major Premise:   Those who, after being arrested, state that they know they are going to be sentenced to a given length of time thereby demonstrate a guilty conscience.

> Minor Premise: Aranda-Diaz, after being arrested, made a statement about the length of imprisonment he believed he would face for the charges against him.[2]

---

[2]The only information the Court has about these statements is this characterization from the Motion in Limine: that Aranda-Diaz made a statement about "the length of imprisonment Mr. Aranda-Diaz believed he would be facing for the above-referenced charges."   Motion in Limine at 2.   The parties' failure to flesh out exactly what Aranda-Diaz said leaves the Court to hypothesize what Aranda-Diaz said about the sentence: that is, the Court does not know whether Aranda-Diaz' statement would lead a jury to think the possible sentence was too long or too short. Indeed, even if the Court knew what Aranda-Diaz said, the Court probably could not predict what a jury would conclude, given that opinions about the appropriate sentence for the drug trafficking charges that Aranda-Diaz faces vary widely: some jurors might think that drug trafficking offenses are profoundly serious, other jurors might believe that all drugs should be legalized, and other jurors may occupy different places on the spectrum between those poles.   Cf. United States v. Reyes, No. CR 12-1695 JB, 2014 WL 1281731 (D.N.M. Mar. 10, 2014)(detailing the Court's response to the concerns the Honorable John Gleeson, District Judge for the United States District Court for the Eastern District of New York, has raised about the drug trafficking sentencing guidelines).   Even assuming that the statements do not relate only to drug trafficking charges that the jury will consider, but also to the immigration and firearms offenses to which Aranda-Diaz pled, there is no reason to think that the jury would be of one mind about those equally divisive topics.   That uncertainty only bolsters the Court's decision to exclude this evidence, because any statement about the sentence that Aranda-Diaz faces not only rings a bell that cannot be unrung,

Conclusion: Aranda-Diaz, therefore, demonstrated a guilty conscience.

That permissible inference is not, however, the only inference that it could draw.   There is a substantial risk that the jury could use this evidence for a different, impermissible purpose: to influence its decision on Aranda-Diaz' guilt or innocence.   For example, the jury could draw this inference, which would favor the United States:

Major Premise:   To convict a defendant for a crime the sentence for which would include a short prison term, the jury need not adhere as closely to the "beyond-a-reasonable-doubt" standard as it would for a crime the sentence for which would include a longer prison term.

Minor Premise: Aranda-Diaz, after being arrested, made a statement about the length of imprisonment he believed he would face for the charges against him, and that length of imprisonment is, in the jury's mind, short.

Conclusion: To convict Aranda-Diaz, the jury need not adhere as closely to the "beyond-a-reasonable-doubt" standard as it would for a crime the sentence for which would include a longer prison term.

The jury could also make a different inference, one favorable to Aranda-Diaz:

Major Premise:   To convict a defendant for a crime the sentence for which would include a long prison term, the evidence against the defendant must satisfy a standard even stronger than "beyond-a-reasonable-doubt."

Minor Premise: Aranda-Diaz, after being arrested, made a statement about the length of imprisonment he believed he would face for the charges against him, and that length of imprisonment is, in the jury's mind, long.

Conclusion: To convict Aranda-Diaz, the evidence against him must satisfy a standard even stronger than "beyond-a-reasonable-doubt."

Neither of these last two inferences is permissible.   As the Supreme Court has explained:

It is well established that when a jury has no sentencing function, it should

---

but it may ring as many different bells as there are different jurors.   The Court is not eager to bring about such unnecessary dissonance.   In any event, the Court has, in its syllogisms, accounted for either option, and shown that the jury could draw an impermissible inference from either option.

be admonished to "reach its verdict without regard to what sentence might be imposed." Rogers v. United States, 422 U.S. 35, 40 . . . (1975). The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

Shannon v. United States, 512 U.S. at 579 (footnotes omitted).

In short, there is a substantial risk that the jury could use evidence about the sentence's length, not for the permissible consciousness-of-guilt inference, but for an impermissible inference related to the jury's guilt-innocence determination. Given the Tenth Circuit's strong guidance against allowing possible sentencing information to go to the jury to avoid that risk, the Court concludes that the high dangers of unfair prejudice and confusion of the issues that this statement presents substantially outweigh its probative value. The Court thus concludes that, under rule 403, Aranda-Diaz' first, second, and fifth statements are inadmissible.

## II.   THE COURT WILL EXCLUDE ARANDA-DIAZ' THIRD AND FOURTH STATEMENTS, BECAUSE THE DANGER OF UNFAIR PREJUDICE THAT THE EVIDENCE PRESENTS TO ARANDA-DIAZ SUBSTANTIALLY OUTWEIGHS THE STATEMENTS' MINIMAL PROBATIVE VALUE.

The Court has recognized that rule 401 provides a low hurdle for finding evidence relevant. See Coffey v. United States, 2012 WL 1698289, at *4 ("Rule 401 contains a low threshold for relevance, because '[a]ny more stringent requirement is unworkable and unrealistic.'")(quoting Fed. R. Evid. 401 advisory committee's note)). Aranda-Diaz' statements that implicate his membership in a gang are relevant to whether he is a drug dealer or, as the Indictment charges, that he distributed drugs on October 2, 2012. Each of these statements, however, offers minimal

probative value regarding whether he distributed drugs, and the danger of unfair prejudice that these statements present to Aranda-Diaz substantially outweighs their probative value in relation to the drug charges he faces.   The Court will thus exclude these statements.

The connection between gangs and drug trafficking has been widely publicized.   See, e.g., Mark Schmidt, U.S. Gang Alignment with Mexican Drug Trafficking Organizations, 5 CTC Sentinel 3, 18 (Mar. 2012)(discussing "how [Mexican drug trafficking organizations] leverage U.S. gangs for narcotics distribution and enforcement purposes");[3] John Buntin, What Does It Take to Stop Crips and Bloods from Killing Each Other, N.Y. Times, July 14, 2013, at MM36.   In 2011, after collecting data that the National Drug Threat Survey, Bureau of Prisons, State Correctional Facilities, and National Gang Intelligence Center provided for purposes of examining emerging gang trends and threats, the National Gang Intelligence Center concluded that gangs continue to increase membership and expand as criminal enterprises through increasing their street-level drug sales:

> Gangs continue to commit criminal activity, recruit new members in urban, suburban, and rural regions across the United States, and develop criminal associations that expand their influence over criminal enterprises, particularly street-level drug sales.  The most notable trends for 2011 have been the overall increase in gang membership, and the expansion of criminal street gangs' control of street-level drug sales and collaboration with rival gangs and other criminal organizations.

National Gang Intelligence Center, 2011 National Gang Threat Assessment: Emerging Trends 9 (2011).[4]   In addition, the Tenth Circuit has found gang membership relevant in drug trafficking

---

[3] A portable document format ("pdf") version of this document is available at http://www.ctc.usma.edu/posts/u-s-gang-alignment-with-mexican-drug-trafficking-organizations.

[4] A pdf version of this report is available at ttp://www.fbi.gov/stats-services/publications/2011-national-gang-threat-assessment.

cases.   See United States v. Sloan, 65 F.3d 149, 151 (10th Cir. 1995)("The government's evidence showed that these drug distributions in two housing projects in Oklahoma City were a part of the operation of two gangs which apparently had amicably divided up the territory.   Gang membership under such circumstances was relevant and material to the crimes charged."). Cf. United States v. Renteria, 720 F.3d 1245, 1256-57 (10th Cir. 2013)(holding that it was not plain error for the district court to find the police officer's identification of a defendant "as a member of the Fresno Bulldogs [gang] and testi[mony] about the nature and identifying characteristics of the organization, including drug distribution" were relevant in a drug conspiracy case).   These authorities support the conclusion that a defendant's gang membership makes more "probable" that the defendant is involved in drug trafficking activities.   Fed. R. Evid. 401.   A defendant's gang membership is therefore relevant in drug-trafficking cases.

Aranda-Diaz asks the Court to exclude as irrelevant evidence of his statements about: "(3) Mr. Aranda-Diaz's membership in a gang; (4) Mr. Aranda-Diaz's desires to go to federal prison in order to be around other gang members . . . ."   Motion in Limine at 2.   Because these statements evince his membership in a gang, they are relevant, because many gang members are involved in drug trafficking.   Accordingly, the Court will not exclude them under rule 402.

Even still, the probative value of these statements in relation to whether Aranda-Diaz distributed drugs on October 2, 2012, is minimal.   Although Aranda-Diaz' statements about his alleged gang membership tend to make more probable that he distributed drugs than it would be in the statements' absence -- because of the organic connection between drugs and gangs -- the probative value that this evidence has in relation to whether Aranda-Diaz distributed drugs is not substantial.   This evidence is weak circumstantial evidence only.   And there is no direct evidence

linking his gang membership to his alleged drug trafficking activities.   There is no evidence in the record indicating to which gang Aranda-Diaz admitted he belongs or indicating what his role in any gang may be.   Thus, while admission of these statements as evidence of Aranda-Diaz' alleged gang membership tends to make more probable that he distributed drugs, even giving these statements their maximum reasonable probative force, they do not make it much more probable than if the Court excludes the statements.

The statements, even given their minimum reasonable prejudicial value, however, present a substantial danger of unfair prejudice to Aranda-Diaz.   The Tenth Circuit has held that "[t]he admission of [the defendant]'s gang membership" in a non-conspiracy drug case to show intent to distribute "had the potential to elicit an unfavorable reaction from the jury increasing the danger of 'guilt by association.'"   United States v. Brown, 288 F. App'x 518, 524 (10th Cir. 2008)(unpublished)[5](citing United States v. McKay, 431 F.3d 1085, 1093 (8th Cir. 2005)("While evidence of gang membership is admissible if relevant to a disputed issue, gang affiliation evidence is not admissible [under rule 403] where it is meant merely to prejudice the defendant or

_____

[5]United States v. Brown is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that United States v. Brown has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

prove his guilt by association with unsavory characters." (internal citations, quotation marks, and alterations omitted))).   As the Tenth Circuit has concluded, evidence of Aranda-Diaz' gang membership presents a substantial danger of unfair prejudice to Aranda-Diaz, as it has the potential to elicit an unfavorable reaction from the jury and cause the jury to condemn him for his gang membership, rather than decide the case on the evidence that the United States presents against him at trial on this specific drug transaction.   See United States v. Brown, 288 F. App'x at 524 ("'Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" (quoting United States v. Rodriguez, 192 F.3d at 951)).   Moreover, the substantial direct evidence of Aranda-Diaz' heroin distribution that the United States has in this case suggests that the United States' motive in offering these statements would be "merely to prejudice the defendant or prove his guilt by association with unsavory characters."[6]   United States v. McKay, 431 F.3d at 1093. The Court thus concludes that the danger of unfair prejudice these statements' admission presents to Aranda-Diaz substantially outweighs their minimal probative value of any contested issues in the case.   Accordingly, the Court will exclude evidence of Aranda-Diaz' third and fourth statements to the HSI officers relating to his gang membership.

---

[6]That the United States is not introducing all of its evidence at trial -- such as the confidential informant's or the unwitting informant's testimony -- does not undermine this statement.   The evidence against Aranda-Diaz is substantial, even if, for other reasons, the United States does not intend to use it.

**III.  THE COURT WILL EXCLUDE, UNDER RULES 401, 402, AND 403, ARANDA-DIAZ' STATEMENTS IN THE SIXTH CATEGORY THAT THE MOTION IN LIMINE IDENTIFIES -- HIS STATEMENTS ABOUT HIS FAMILY'S OPINIONS AND STATEMENTS ABOUT HIM, AND ABOUT THE SOURCE OF HIS WIFE'S INCOME -- BECAUSE THOSE STATEMENTS ARE IRRELEVANT, AND BECAUSE THE EVIDENCE'S UNFAIRLY PREJUDICIAL EFFECT SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE.**

Although rule 401 "contains a low threshold for relevance," <u>Coffey v. United States</u>, 2012 WL 1698289, at *4, rule 401 nevertheless contains a threshold across which the proponent must nudge the particular evidence for its admission.   Based on the limited record before the Court, and the United States' Response to the Motion in Limine, it is difficult for the Court to soundly conclude that this evidence makes more or less probable any fact of consequence in this case. Nevertheless, because the Court can safely assume that, because Aranda-Diaz wants to keep the evidence out, the opinions and statements must be negative, the Court will exclude them pretrial; if the United States wants to present any of the statements at trial, it must approach the bench and explain why they are relevant, thereby providing the Court with sufficient information to determine whether their unfairly prejudicial effect substantially outweighs their probative value. The Court will therefore exclude these statements pretrial without prejudice to the United States better explaining what the statements are.

In its Response to the Motion in Limine, the United States does not reference or discuss any of the six categories of statements individually, but responds generally that these "statements show a consciousness of guilt regarding all of the counts against him and also serve to prove up an element that the Defendant has chosen not to stipulate to -- his status as a previously convicted felon."  Response at 1.  As to the United States' second argument, because Aranda-Diaz pled guilty to the crimes in which his status as a felon is an essential element, that argument no longer

has a sound basis in the facts.   As to the first element, the Court fails to see how Aranda-Diaz'

statement to the HSI officers that his family likes or dislikes him, or feels love or hostility towards

him, "show[s] a consciousness of guilt regarding all the charges against him."   Response at 1.   If

the family feelings are negative, which the Court assumes is the likely situation, there is no

indication whether the feelings are because he is a felon, is an alien illegally in the country, is a

drug trafficker, carries a gun, or does not support them financially.   The feelings do not tell the

Court or the jury whether Aranda-Diaz committed the crime at issue.

Perhaps if the HSI officers testify why Aranda-Diaz' family does not like him, the

relevancy would be more obvious, but at the moment, the relevancy is obscure.   The Court would

keep this evidence out under rule 403 in any case, because it is minimally relevant and has high

prejudicial effect; if the defendants' own family does not like him, the jury may think it should not

like him, and convict on that basis instead of on the evidence of the crime charged.

The Court also fails to see how telling officers the source of his wife's income, whatever

source that may be, shows consciousness of guilt.   Again, the Court and the jury are left to

speculate what the source is and its contents' relation to Aranda-Diaz allegedly committing the

crimes with which he is charged.   The United States has thus failed to show that this evidence

makes more or less probable any fact of consequence in the case, and the Court, under rule 402,

will accordingly exclude Aranda-Diaz' sixth statement to the HSI officers from the trial.   See Fed.

R. Evid. 401; Fed. R. Evid. 402.   Even if the United States is able to show a relevant purpose --

which, without more details, it has not done -- the evidence's unfairly prejudicial effect

substantially outweighs its probative value.   If she is getting income from drug trafficking, that

fact might suggest to the jury he too is involved in drugs; if she is getting money from her mother

because he is an alien or in prison, and never working, the jury might surmise illegal activity or abandonment by Aranda-Diaz.   In any case, without more details, it is difficult to make concrete rulings; the Court will keep the statements out pretrial, and if the United States intends to use these statements, it will need to provide more details of the statements and fully explain their relevance.

**IT IS ORDERED** that Defendant Yuren Aranda-Diaz's Motion in Limine to Preclude Government from Introducing His Alleged Statements and Memorandum of Law in Support, filed July 18, 2013 (Doc. 86), is granted.   The Court will preclude Plaintiff United States of America from admitting into evidence Defendant Yuren Aranda-Diaz' following statements made to law enforcement officers: (i) Aranda-Diaz' knowledge of his prior convictions for illegally possessing a firearm; (ii) the length of imprisonment that Aranda-Diaz believed he would face for the charges against him; (iii) Aranda-Diaz' membership in a gang; (iv) Aranda-Diaz' desires to go to federal prison to be around other gang members; (v) Aranda-Diaz' intent to come back to the United States if deported; and (vi) Aranda-Diaz' family's feelings towards him and source of his wife's income.   As to the statements in (vi), the Court will exclude the statements pretrial without prejudice to the United States explaining at trial more fully what the statements are and why they are relevant, thereby providing the Court with sufficient information to determine whether their unfairly prejudicial effect substantially outweighs their probative value.

_____
UNITED STATES DISTRICT JUDGE

- 23 -

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
David M. Walsh
Novaline Wilson
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Todd A. Coberly
Coberly & Attrep, LLLP
Santa Fe, New Mexico

     *Attorneys for the Defendant*