IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                       No. CR 12-2686 JB

YUREN ARANDA-DAIZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Yuren Aranda-Diaz's Objection to Government's Witness List (Doc. 70), filed July 19, 2013 (Doc. 87)("Objection"). The primary issue is whether the Court should allow Albuquerque Police Department ("APD") Detective Edward Linson to testify about Aranda-Diaz' criminal history. The Court will overrule the Objection as moot, because Aranda-Diaz' guilty plea to Count 2 of the Indictment, filed October 23, 2012 (Doc. 13), which charged him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition, eliminates the necessity for the testimony to which Aranda-Diaz objected.

## FACTUAL BACKGROUND

The Court has previously explained the facts and circumstances surrounding the United States' arrest of Aranda-Diaz. See United States v. Aranda-Diaz, No. CR 12-2686 JB, Memorandum Opinion and Order at 2-3, filed July 11, 2013 (Doc. 56)("MOO"). The Court incorporates those facts here, and will add only those facts sufficient to give context to this Memorandum Opinion and Order.

The APD arrested Aranda-Diaz after an undercover controlled purchase operation in

which a confidential informant ("CI") arranged to use an unwitting informant, Jessie Lopez, as an intermediary for the purchase of heroin from a drug dealer known to the CI as "Oso." MOO at 2. The CI drove Lopez to a location at which APD officers observed the CI park the CI's vehicle and saw a Chevrolet Suburban driven by Aranda-Diaz enter a nearby driveway. See id. at 2. Lopez then exited the CI's vehicle and entered the Suburban; moments later, he exited the Suburban and reentered the CI's vehicle. See id. at 2-3. Shortly thereafter, the APD officers blocked in the Suburban and arrested Aranda-Diaz, who was the driver and the only person in the Suburban. See id. at 2-3.

## PROCEDURAL BACKGROUND

On October 23, 2012, a federal grand jury charged Aranda-Diaz with six federal crimes, including: (i) Count 1: a violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), alien in possession of a firearm and ammunition; (ii) Count 2: a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition; (iii) Count 3: a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute heroin; (iv) Count 4: a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of heroin; (v) Count 5: a violation of 18 U.S.C. § 924(c), possession and carrying a firearm during and in relation to a drug trafficking crime; and (vi) Count 6: a violation of 8 U.S.C. §§ 1326(a) and (b), reentry of a removed alien. See Indictment *passim*, filed October 23, 2012 (Doc. 12).

On July 17, 2013, the United States filed its witness list. See Government's Witness List, filed July 17, 2013 (Doc. 70). Among other witnesses, the United States lists Linson. See Government's Witness List at 1.

On July 19, 2013, Aranda-Diaz filed his Objection. See Doc. 87. According to Aranda-Diaz, the United States has indicated that it will "call Detective Linson to prove up Mr. Aranda-

Diaz's felony conviction in" United States v. Aranda-Diaz, No. CR 08-2344 JB.[1]  Objection at 1.  Aranda-Diaz acknowledges that "Detective Linson was involved in arresting Mr. Aranda-Diaz for crimes underlying" that case.  Objection at 1.  Aranda-Diaz submits that, under cases from the United States Court of Appeals for the Tenth Circuit, "'[w]hereas the fact of a defendant's prior felony conviction is material to a felon in possession charge, the nature and underlying circumstances of [a] defendant's conviction are not.'"  Objection at 1 (alterations added by the Court to state exactly the quotation from United States v. Wacker, 72 F.3d 1453, 1472 (10th Cir. 1995)).  Aranda-Diaz argues that the facts of the crimes underlying his conviction are, therefore, "irrelevant and inadmissible under Federal Rule of Evidence 401," and that "[c]ourts appear to be overwhelmingly in agreement in this regard."  Objection at 2.  Aranda-Diaz contends that the United States "has ample ability to prove Mr. Aranda-Diaz's prior conviction without resorting to irrelevant and unduly prejudicial testimony from Detective Linson."  Objection at 2 (citing Fed. R. Evid. 403).

Although the United States did not file a response, the United States filed an amended witness list after Aranda-Diaz filed his Objection; that amended witness list continues to list Linson as a potential witness.  See First Amended Government's Witness List at 1, filed July 23, 2013 (Doc. 94).

On July 24, 2013 -- the day of trial -- Aranda-Diaz pled guilty to Counts 1, 2, and 6 of the Indictment.  See Corrected Plea Minute Sheet, filed July 24, 2013 (Doc. 115).  Specifically, he pled guilty to being an alien in possession of a firearm, felon in possession of a firearm, and

---

[1] In that case, Aranda-Diaz pled guilty to three felonies: (i) 18 U.S.C. §§ 922(g)(1) and 924(a)(2): felon in possession of a firearm and ammunition; (ii) 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2): alien in possession of a firearm and ammunition; and (iii) 8 U.S.C. §§ 1326(a) and (b): re-entry of a removed alien.  See No. CR 08-2344 JB, Plea Minute Sheet, filed June 28, 2010 (Doc. 90).

illegal reentry of a removed alien.  See Indictment at 1-4.

Later that same day, during the trial, the Court asked the parties whether Aranda-Diaz' Objection was moot, given his plea; the parties agreed that the Objection was moot.  See Transcript of Trial at 186:19-187:1 (Court, Walsh, Coberly), taken July 24, 2013 ("Tr.").[2]  The Court indicated that it would overrule the Objection as moot.  See Tr. at 186:25-187:1 (Court).

## ANALYSIS

The Court will overrule the Objection.  As the parties agreed, in light of Aranda-Diaz' plea to Count 2: a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition, there is no longer any reason for Linson to testify to the facts underlying Aranda-Diaz' convictions in United States v. Aranda-Diaz, No. CR 08-2344 JB.  The Objection is, therefore, moot.  Accordingly, the Court will overrule the Objection.

**IT IS ORDERED** that Defendant Yuren Aranda-Diaz's Objection to Government's Witness List (Doc. 70), filed July 19, 2013 (Doc. 87), is overruled as moot.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court's citations to the transcript of the trial refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and line numbers.

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
David M. Walsh
Novaline Wilson
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Todd A. Coberly
Coberly & Attrep, LLLP
Santa Fe, New Mexico

    *Attorneys for the Defendant*